United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEI CHEN,

Plaintiff,

v.

PONY AI INC., et al.,

Defendants.

Case No. 26-cv-01370-EMC

**ORDER DENYING MOTION FOR ATTORNEYS' FEES**

Docket No. 50

On August 13, 2026, the Court remanded this case back to Alameda County Superior Court because there is no federal question jurisdiction. Dkt. No. 47. The Court retained limited jurisdiction to assess whether an award of fees is warranted under 28 U.S.C. § 1447. Plaintiff moved for an award of $105,253 in attorneys' fees and $83.60 in costs incurred because of Defendants' removal. Dkt. No. 50. Defendants object. Dkt. No. 52. For the reasons explained below, the Court **denies** the motion.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. Absent unusual circumstances, attorneys' fees should only be awarded under this provision when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). While the standard for awarding fees "turn[s] on the reasonableness of the removal," courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule." *Id.* For instance, "a plaintiff's delay in seeking remand . . . may affect the decision to award attorney's fees." *Id.*

Here, Defendants lacked an objectively reasonable basis for removal. In their notice of removal, they asserted that the case presented a federal question because it "requires interpretation

of federal tax withholding requirements under 26 U.S.C. § 3402." Dkt. No. 1 at 4. However, all of Plaintiff's claims are state law claims that do not turn on interpretation of the federal tax code. There is no dispute that Defendants had to comply with the IRS' withholding requirements; nor is there a dispute as to the deadline imposed by law to pay that amount. Rather, Defendants appeared to argue as a defense that their obligation to comply with 26 U.S.C. § 3402 immunized them from any challenge as to how they choose to comply with that provision. Dkt. No. 11 at 6. This is not a reasonable argument: If a person steals money and then uses that money to pay their federal taxes, no reasonable person could believe that the requirement to pay taxes immunizes them from liability for theft. At bottom, the legality of Defendant's conduct as asserted herein did not turn on §3402 or its interpretation.

Defendants rely on *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) to argue that "because the federal tax issue is embedded in and dispositive of Plaintiff's claims," federal jurisdiction was proper. Dkt. No. 1 at 3. But even where a defendant has a "reasonable basis for relying on the standard articulated in [a cited] case," that reliance may be "unreasonable due to clear factual distinctions between the cases." *Grancare, LLC v. Thrower*, 889 F.3d 543, 552 (9th Cir. 2018). There are clear distinctions between *Grable* and this case. In *Grable*, the outcome of the plaintiff's quiet title action depended on whether the IRS had followed the statutory mandate for notification of the seizure of property. *Id.* at 311. The Court held that removal was proper because the interpretation of the federal statute was an "essential element" of the claim and was "actually in dispute." *Id.* at 315. In fact, the meaning of the federal tax provision "appear[ed] to be the only legal or factual issue contested in the case." *Id.* Here, not only is the meaning of 26 U.S.C. § 3402 not actually in dispute—all parties agree that Defendant was required to pay withheld taxes to the IRS by a certain date—but the meaning of the federal tax provision is not essential to resolution of the claims. Regardless of the duties imposed on Defendant by Section 3402, Plaintiff's breach of contract claims can be resolved under state law. Thus, Defendant's reliance on *Grable* was not reasonable.

While Defendants lacked an objectively reasonable basis for removal, it is not clear that the fees and costs requested by Plaintiff were "incurred as a result of the removal." 28 U.S.C. §

United States District Court
Northern District of California

1447(c). When assessing fees because of improper removal, courts award those fees and costs incurred "in pursuit of a remand." *Braco v. MCI Worldcom Commc'ns*, 138 F. Supp. 2d 1260, 1270 (C.D. Cal. 2001). But here, Plaintiff at no point pursued remand. Plaintiff did not file a motion to remand at any point after removal and did not even raise the question of whether removal was proper. Instead, Plaintiff litigated the case in federal court, responding to Defendant's motion to dismiss and seeking to compel discovery. Dkt. Nos. 20, 27, 28, 34, 38. Courts in this district have held that costs under Section 1447 "may be denied when plaintiff is partially responsible for causing the case to remain in federal court." *Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1068 (N.D. Cal. 2001); *see also Assocs. Nat'l Bank v. Erum*, 206 Fed. Appx. 666, 668 (9th Cir. 2006) (denying award of attorneys' fees in part because plaintiff did not file a motion to remand); *Walker v. Kroger Co.*, 2022 WL 20208929, at *3 (N.D. Cal. June 21, 2022) (denying attorneys' fees in part because plaintiff did not promptly move to remand). While Plaintiff "spent six months and more than $105,000" in federal court following the removal, Dkt. No. 50 at 2, none of that was spent in pursuit of remand. Thus, Plaintiff is at least partially responsible for causing the case to remain in this Court until the Court *sua sponte* raised the issue of jurisdiction.

For the foregoing reasons, the Court **denies** Plaintiff's motion for attorneys' fees.

**IT IS SO ORDERED**.

Dated: September 9, 2026

EDWARD M. CHEN
United States District Judge